US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 17 2012

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
CIVIL DIVISION

DARRELL OWENS     PLAINTIFF

VS     CASE NO. 2012- 2316

RYDER TRUCK RENTAL, INC. d/b/a
RYDER TRANSPORTATION SERVICES d/b/a
RYDER TRANSPORTATION RESOURCES     DEFENDANT

## COMPLAINT

Comes now the Plaintiff, Darrell Owens, by and through his attorney, Joe D. Byars, Jr., of Byars, Hickey & Hall, PLLC, and files this complaint against the Defendant, Plaintiff's former employer, Ryder Truck Rental, Inc., d/b/a Ryder Transportation Resources, and in support thereof states and alleges as follows:

### Jurisdiction

1. This action is brought by Darrell Owens, an African-American citizen and resident of the State of Arkansas, for declaratory and injunctive relief, as well as damages. The Plaintiff, Owens, seeks to restrain Defendant from intentional and purposeful discrimination against Plaintiff because of race with respect to hire, terms, conditions, and privileges of employment, the right to contract, and otherwise taking actions that adversely affect Plaintiff's status as a citizen and employee because of race and/or disability.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343, 1331, 42 U.S.C. §2000e-5(f), 1981, as amended.

3. All conditions precedent to jurisdiction under 42 U.S.C. §2000e-5(f)(3) have occurred or been complied with. Namely, a charge of discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the continuing unfair employment practice, and a

Notification of Right to Sue was mailed from the Equal Employment Opportunity Commission to Mr. Owens on or about October 24, 2012, and which was received by Mr. Owens after October 30, 2012. This Complaint has been filed within ninety (90) days of Owens receipt of the Notification of Right to Sue.

4. The Defendant, Ryder Truck Rental, Inc., d/b/a/ Ryder Transportation Resources, is a corporation authorized to do business in the State of Arkansas and may be served with Summons and Complaint by serving its registered agent, Corporate Creations Network, Inc., at 609 S.W. 8th Street, #600, Bentonville, AR 72712.

5. The unlawful employment practices alleged in this Complaint were committed within the Western District of the State of Arkansas (in Fort Smith, Arkansas).

6. Defendant is an employer engaged in an industry that affects commerce and employs more than fifteen (15) employees. On information and belief, the Defendant regularly employs in excess of 500 employees.

7. The Plaintiff, Owens, continually met the true expectations of his employer, with minimal complaints about his job performance for more than twenty-nine (29) years. On or about October 20, 2011, the Plaintiff, Owens, was unlawfully and unexpectedly discharged from his employment. At that time, he was informed that his employment discharge was a result of an incident which occurred on October 11, 2011, which allegedly created three "write-ups" for three purported "safety violations." The reason provided to Owens for his discharge was false and is merely a pretext in order to hide discrimination based on race and discrimination because of Owens' perceived disability.

Facts

8. The Plaintiff, Darrell Owens, an African-American male, was employed with the Defendant, for over twenty-nine (29) years.

9. Owens is a large man who has a "bad" right foot. His foot has caused Owens problems with pain, and causes him to walk with a noticeable limp, which has been ongoing for over two years. This limp limits Mr. Owens in his ability to walk and maintain his balance, but he was still able to perform the essential functions of his job.

10. Owens was working for Ryder as a service island attendant, and reported to his immediate supervisor, Melanie Miller. From time to time, the regional (or district) service manager, Dean Pendleton, would visit the local Fort Smith location. On several occasions, Owens had some interaction with Mr. Pendleton.

11. On information and belief, Dean Pendleton, holds a racial bias against African-Americans or persons of the black race.

12. On or about August 9, 2011, a manager on behalf of Ryder gave a written warning to Owens about his failure to wear safety glasses, although Owens was not within the work area which required an employee to wear safety glasses. The warning was made even though Mr. Owens was on his lunch break in an area where employees routinely take lunch breaks and routinely do not wear safety glasses.

13. On or about October 11, 2011, the Plaintiff, Owens, was performing his duties as a maintenance technician on a truck he had just washed. Owens needed to throw away some trash he saw in the front passenger area. While Owens recognizes and agrees that in performing maintenance on trucks, including the fueling of trucks, the policy is to require the use of chocks, Owens

reasonably believed that chocks were not required to secure the truck in simply throwing trash out of the front passenger area. Accordingly, he did not use them. Owens took the keys out of the ignition when he stopped to throw away the trash. Owens did not believe that a formal "lock out/tag out" was required under such circumstances.

14. As Owens was about to throw away the trash, Dean Pendleton and Pendleton's boss were approaching Owens and the truck, at which time Owens stumbled and landed on his foot, which had been giving him problems. At that time, Pendleton asked Owens about why he did not chock the tires. Owens responded that he did not believe it was necessary to just throw away trash. Then, Pendleton pointed out the broken chocks, and asked about them. Owens responded that the chocks must have been broken before his shift on Saturday - Owens' day off. Owens also reported to Pendleton that he obtained a replacement set. (The replacement set were in plain view, as these were later claimed by Pendleton to have caused Owens to stumble.)

15. Owens continued to work in his job duties from October 11 through October 20, 2011. At such time, Owens was called to the office where he was informed that he had been terminated from his employment due to three safety violations, all of which had allegedly occurred on October 11, 2011. The asserted safety violations included the failure to use lock out/tag out, the failure to report the two-wheel dolly chocks as being broken, and placing loose wheel chocks in an area likely to cause tripping.

16. Owens had not been cited for any other safety violations in at least the three-year time period prior to October 11, 2011. Owens was discharged from his employment purportedly for the "three write-ups," but the true reason for Owens' discharge was because of racial discrimination

4

and/or due to Owens' disability, in violation of Title VII of the Civil Rights Act of 1964, and/or in violation of the Americans With Disabilities Act of 1990, as amended.

17. Owens asserts that the three write-ups for October 11, 2011, were false and pretextual because: 1) Policy did not require Owens to report safety equipment as being broken until the end of the shift. While Owens did find that the two-wheel dolly chocks were broken, he did, in fact, "report" the problem to Pendleton himself, and he had also remedied the problem, consistent with the "captain of the ship" policy, by obtaining a replacement set (as obvious from the write-up itself); 2) Owens did not stumble on the wheel chocks, but stumbled because of his right foot problem; and 3) the circumstances are clear that simply throwing out trash did not require adherence to the tag out procedure - fueling and maintenance were already complete.

18. Owens is aware of other employees who are not of the African-American race who received at least three write-ups and who were not discharged from their employment by Pendleton, or anyone else.

19. As a direct and proximate result of the employment practices complained of, the Plaintiff, Owens, was humiliated, embarrassed, and degraded, and as a consequence, the Plaintiff, Owens, endured great mental suffering and continues to suffer extreme mental anguish and distress and is otherwise adversely affected as a result of the reckless and callous indifference of Defendant to the Plaintiff's rights, and Defendant's intentional denial of Plaintiff's employment rights because of race and/or because of the Defendant's disability.

20. Owens has suffered damages not only for mental anguish, but in lost wages, lost benefits, in the past, and likely to occur in the future.

### First Cause of Action (42 U.S.C. §2000e-5(f), Title VII

21. The mentioned acts of the Defendant constitute unlawful discrimination against the Plaintiff because of the Plaintiff's race.

22. As a direct and proximate result of the practices complained of, Plaintiff endured great mental suffering and sustained injury and damages as more fully set forth below.

23. In addition, the Plaintiff's discharge from employment has caused wage loss in the past and wage loss reasonably certain to occur in the future.

### Second Cause of Action (Discrimination under Americans with Disabilities Act)

24. Plaintiff, Owens, is disabled by a physical impairment that substantially limits one or more major life activities. Mr. Owens is otherwise qualified to perform the essential functions of his job as a service island attendant for the Defendant, Ryder.

25. Plaintiff, Owens, had a problem with his right foot, which causes Owens to walk with a noticeable limp. This is a permanent condition and has the effect of hampering Owens in the ability to walk, making his movements slower than the average person and tends to make Owens more unsteady on his feet than the average citizen.

26. The Defendant, Ryder, intentionally discriminated against Owens because of his disability by terminating Owens' employment as a result of his limp and problems he has had with his right foot, despite the fact that he is otherwise capable of performing the essential functions of his job. It was Owens' limp and problems with his foot which was a substantial factor in the Defendant's decision to termination the employment of Owens. Prior to Owens job termination, Owens was an employee of the Defendant as defined under the Americans with Disabilities Act.

27. In addition, the Defendant is an "employer" and a "covered entity" under the ADA (42 U.S.C. §12111).

28. Prior to and at the time of job termination, the Plaintiff, Owens, was qualified for his employment as a service island attendant for the Defendant.

29. On several occasions prior to October 20, 2011, Owens supervisor commented on his limp, and questioned him about his limp and his foot.

30. On or about October 20, 2011, Plaintiff was terminated in violation of the ADA due, in part, to the Plaintiff's disability (42 U.S.C. §12112(a)).

WHEREFORE, premises considered, the Plaintiff, Darrell Owens, requests that Defendant, Ryder be cited to appear and answer herein, and that upon final trial or hearing, that Owens be entitled to declaratory judgment and injunction and damages as more particularly described as set forth below:

- a) A declaration that the acts and practices of Defendant complained of in this Complaint are in violation of Title VII of the Civil Rights Act of 1964;

- b) Injunctive relief ordered by the Court enjoining and permanently restraining these violations of Title VII of the Defendant;

- c) An order of this Court directing Defendant to place Plaintiff in the position she would have occupied before Defendant's discriminatory treatment of him, and making him whole for all earnings and benefits he would have received but for Defendant's discriminatory treatment, including but not limited to wages, benefits, and other compensation according to the proof;

- d) Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to the proof;

- e) Punitive damages according to proof;

- f) Awarding Plaintiff the costs of this action together with reasonable attorney's fees as provided by the Arkansas Civil Rights Act and pursuant to Title VII, 42 U.S.C.A. § 2000e-5(k);

g)     Trial by jury on issues triable of right by jury; and

h)     such other and further relief as the Court deems just and proper.

Respectfully submitted,

DARRELL OWENS, *Plaintiff*

By: _____
Joe D. Byars, Jr., AR Bar #95107
BYARS, HICKEY & HALL, P.L.L.C.
Attorneys at Law
401 Lexington Avenue
Fort Smith, Arkansas 72901
Tel. 479-494-1800
Fax 479-783-0694
jbyars@cbhlegal.com