IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
CIVIL DIVISION

| | | |
|---|---|---|
| DARRELL OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 2:12-cv-02316-RTD |
| | ) | |
| v. | ) | |
| | ) | |
| RYDER TRUCK RENTAL, INC. d/b/a | ) | |
| RYDER TRANSPORTATION SERVICES | ) | |
| d/b/a RYDER TRANSPORTATION | ) | |
| RESOURCES, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

The parties desire to facilitate discovery in this matter while preserving the confidentiality of the parties' private, confidential and/or proprietary information as defined herein and, therefore, request the Court to adopt this Stipulated Protective Order. Pursuant to Rule 26 and Rule 29 of the Federal Rules of Civil Procedure, it is, therefore, agreed by and between Plaintiff and Defendant, and hereby ORDERED, ADJUDGED, and DECREED, by this Court, that:

1. This Stipulated Protective Order (the "Order") governs the handling of documents, testimony and other information, including all copies, excerpts and summaries thereof, defined below as "Confidential Material," that a party produces or files in this action.

2. The following documents and information produced by Defendant Ryder Truck Rental, Inc. ("Defendant") in this lawsuit shall be Confidential Material subject to this Order and shall not be used except in connection with the trial or preparation for trial of this case as authorized by this Order:

(a) any personnel documents and information relating to existing employees or former employees of Defendant other than Plaintiff,

Cleveland 381178.1

including, but not limited to, information contained in their personnel files and payroll information and Defendant may redact such personal identifying information as social security numbers; (b) any documents and information with the identity or contact information of Defendant's customers, vendors, or suppliers; and (c) any documents and information that Defendant believes in good faith contains sensitive information such as commercial, financial, or proprietary business information relating to Defendant's business.

3. The following documents and information produced by Plaintiff Darrell Owens ("Plaintiff") in this lawsuit shall be confidential subject to this Order and shall not be used except in connection with the trial or preparation for trial of this case as authorized by this Order:

(a) any medical documents or information relating to Plaintiff; and
(b) any of Plaintiff's financial information, including tax returns.

4. All Confidential Material produced by Defendant may be inspected only by Plaintiff, counsel for Plaintiff, the representatives, paralegals and clerical employees of Plaintiff's counsel, designated persons retained by Plaintiff to furnish expert services or advice or to give expert testimony in this action, and deposition or trial witnesses produced pursuant to notice, subpoena, or by agreement of counsel. Likewise, all Confidential Material produced by Plaintiff may be inspected only by Defendant, its employee and agents, counsel for Defendant, the representatives, paralegals and clerical employees of Defendant's counsel, designated persons retained by Defendant to furnish expert services or advice or to give expert testimony in this action, and deposition or trial witnesses pursuant to notice, subpoena or by agreement of counsel. Notwithstanding the foregoing, Plaintiff, Defendant, designated persons retained by either Plaintiff or Defendant to furnish expert services or advice or to give expert testimony in this action, and deposition or trial witnesses shall not inspect or review any Confidential Material until they have signed the attached statement prior to reviewing the Confidential Material or have been so instructed by the Court in the case of trial witnesses. Any additional disclosure of Confidential Material shall take place only pursuant to agreement of counsel, or, absent agreement, pursuant to

an order of this Court upon motion duly made. Nothing herein shall preclude or prevent Plaintiff or Defendant from using their own Confidential Material for any purpose in any fashion.

5. Confidential Material shall be designated as follows:

(a) With regard to documents, the designation shall be made by placing the legend "Confidential" on the pages of any such document prior to the production of the document(s).

(b) With regard to deposition transcripts and any document used during a deposition including, but not limited to, any document marked as an exhibit during a deposition, the designation can be made by any party, no later than 15 business days after receipt of the deposition transcript or the entry of this Order, whichever is later, by providing written notice in writing to the other party that all or any portion of the deposition transcript, including any exhibit thereto, be designated as "Confidential Material" under the terms of this Order. Prior to the expiration of this 15-day period, all transcripts and the information contained therein, in whatever form, shall be deemed to be "Confidential Material" under the terms of this Order. All copies of deposition transcripts that contain Confidential Material shall be prominently marked "Confidential" on the cover thereof.

6. A party shall not be obligated to challenge the propriety of a designation of information as Confidential Material under this Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any party disagrees at any stage of the proceedings with such a designation, that party shall provide to the producing party written notice of its disagreement. The parties shall first try to dispose of such dispute in good faith on an informal basis. If an agreement cannot be reached regarding the dispute, then the party challenging the designation must request, in writing, that the challenged material designated as Confidential Material be released from the requirements of this Order. The party seeking to

maintain confidentiality must thereafter move the Court for a ruling on the continued application of this Order to such Confidential Material within 15 business days from the receipt of the written request that certain materials designated as Confidential Material be released from the requirements of this Order, or such longer time as the parties may agree to in writing. If the party seeking to maintain the confidentiality does not move the Court for a ruling during this time period, then the documents or materials covered by the written demand shall not be deemed Confidential Material under this Order. The continued application of this Order, however, to such Confidential Material will be maintained until the Court rules on the Motion. The burden of proving that the information has been properly designated as protected is on the party making such designation.

7. The termination of proceedings in this action shall not relieve any person to whom Confidential Material has been disclosed from the obligations of this Order, unless the Court orders otherwise.

8. In the event that any Confidential Material is used in any Court proceeding herein, it shall not lose its confidential status through such use, and the parties shall take such steps reasonably required to protect its confidentiality during such use. All documents encompassed by the terms of this Order shall be submitted to the Court's chambers under seal, and any and all references to such documents in any motion or memoranda shall identify the documents as presented under seal.

9. Nothing herein shall preclude any party from seeking and obtaining, upon an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material.

10. Nothing contained herein shall prejudice the right of any party to object to the admissibility of the Confidential Material subject to this Order or any reason permissible under

applicable law. Neither Plaintiff nor Defendant waives any privilege or objection regarding these Confidential Materials in agreeing to this Order.

11. Plaintiff and Defendant, by agreeing to this Order, are not waiving any rights they may have to obtain information or materials, in whatever form, through the discovery rules as embodied in the Federal Rules of Civil Procedure.

12. The terms of this Order shall continue unless and until modified and/or terminated by further order of this Court or agreement of the parties.

/s/ Robert T. Dawson
_____
Judge Robert T. Dawson

APPROVED:

_____
Joe D. Byars, Jr.
BYARS, HICKEY & HALL, PLLC
Attorneys at Law
401 Lexington Avenue
Fort Smith, Arkansas 72901
Telephone: (479) 494-1800
Fax: (479) 783-0694
jbyars@bhhfirm.com

*Attorney for Plaintiff*

_____
Robert E. Dezort, Esq. (0059688)
Michael A. Jackson, Esq. (0085535)
FISHER & PHILLIPS LLP
9150 South Hills Boulevard, Suite 300
Cleveland, Ohio 44147-3599
Telephone: (440) 838-8800
Facsimile: (440) 838-8805
rdezort@laborlawyers.com
mjackson@laborlawyers.com

*Attorneys for Defendant*

## STATEMENT OF PERSON TO WHOM ACCESS HAS BEEN GIVEN TO REVIEW CONFIDENTIAL INFORMATION

The undersigned states that he has read the Protective Order in the case of *Darrell Owens v. Ryder Truck Rental, Inc.,* United States District Court Western District of Arkansas, Case No. 2:12-cv02316-RTD ("Protective Order"), and that in return for the right to have access to the Confidential Materials in that case as defined in the Protective Order, acknowledges that he or she has been provided with, has reviewed and understands the Protective Order, that he or she agrees to comply with the terms of the Protective Order, and that he or she submits to the personal jurisdiction of the U.S. District Court for the purpose of enforcement of the Protective Order.

By: _____

Name: _____
       (Type or Print Name)

Date: _____